UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA<br><br>v.<br><br>GORDON ERNST, *et al.*,<br><br>Defendant. | 19-cr-10081-IT |
|---|---|

**MEMORANDUM OF DEFENDANT JORGE SALCEDO IN SUPPORT OF HIS MOTION TO DISMISS THE SUPERSEDING INDICTMENT AND TO JOIN DEFENDANTS HEINEL'S AND WILLIAMS' MOTIONS TO DISMISS**

## INTRODUCTION

Defendant Jorge Salcedo submits this memorandum in support of his motion to dismiss Counts 1, 2, 5, 17, and 20 of the Superseding Indictment, and to join the motions to dismiss the Superseding Indictment filed by defendants Donna Heinel and Niki Williams (ECF Nos. 331, 326).

## I. COUNTS IN THE SUPERSEDING INDICTMENT AGAINST MR. SALCEDO

The Superseding Indictment charges Mr. Salcedo with the following five counts: racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count 1); conspiracy to commit mail and wire fraud and honest services mail and wire fraud in violation of 18 U.S.C. § 1349 (Count 2); conspiracy to commit federal programs bribery in violation of 18 U.S.C. § 371 (Count 5); wire fraud and honest services wire fraud, aiding and abetting in violation of 18 U.S.C. §§ 1343, 1346 and 2 (Count 17); mail fraud and honest services mail fraud, aiding and abetting in violation of 18 U.S. C. §§ 1341, 1346 and 2 (Count 20); and two forfeiture allegations (ECF No. 272).

## II. MOTION TO JOIN DEFENDANT DONNA HENIEL'S MOTION TO DISMISS AS IT APPLIES TO COUNTS 1, 2, 5, 17 AND 20

In support of Mr. Salcedo motion to dismiss counts 1, 2, 5, 17, and 20, he moves to join the motion to dismiss filed by Defendant Donna Heinel (ECF No. 331). The arguments in support

of Ms. Heinel's motion apply equally to Mr. Salcedo, and he wishes to advance the same arguments.

**Count 1**

*First*, Ms. Heinel argues that Count 1 should be dismissed for failure to state an offense because it fails to allege an association-in-fact enterprise and improperly uses "pattern of racketeering" as a proxy for an "association-in-fact enterprise" (ECF No. 332 at 7-18). Mr. Salcedo also is charged in Count 1, and the arguments apply equally to him. Like Ms. Heinel, the government does not allege that Mr. Salcedo had any knowledge of facilitating admission of students as recruited athletes to any school other than University of California, Los Angeles ("UCLA") or any sufficient connection between Mr. Salcedo and Richard Singer's entities, which allegedly constitute the enterprise.

**Count 2**

*Second*, Ms. Heinel contends that Count 2, conspiracy to commit mail and wire fraud and honest services mail and wire fraud, should be dismissed because it impermissibly combines multiple and distinct conspiracies into a single count (ECF No. 332 at 18-22). Mr. Salcedo also is charged in Count 2, and the arguments apply equally to him.

**Counts 2, 17 and 20**

*Third*, Ms. Heinel argues that Count 2 (conspiracy to commit mail and wire fraud counts and honest services mail and wire fraud), Counts 11-16 (substantive counts of wire fraud and honest services wire fraud; aiding and abetting), and Count 21 (substantive count of mail fraud and honest services mail fraud; aiding and abetting) should be dismissed because the government failed to allege a bribery or kickback scheme and admission to a university does not qualify as money or property (ECF No. 332 at 24-29). Like Ms. Heinel, Mr. Salcedo is charged in Count 2.

He also is charged in Count 17 (substantive counts of wire fraud and honest services wire fraud; aiding and abetting) and Count 20 (substantive count of mail fraud and honest services mail fraud; aiding and abetting). The arguments made by Ms. Heinel for dismissal of Counts 11-16 apply equally to Count 17 against Mr. Salcedo. In addition, the arguments made by Ms. Heinel for dismissal of Count 21 apply equally to Count 20 against Mr. Salcedo.

**Counts 17 and 20**

*Fourth*, Ms. Heinel asks the Court to dismiss Counts 11-16 (wire fraud and honest services wire fraud; aiding and abetting) and 21 (mail fraud and honest services mail fraud; aiding and abetting) as duplicitous and combines allegations regarding multiple schemes in each individual count (ECF No. 332 at 29-32). These arguments correspond to Counts 17 and 20, which charge Mr. Salcedo with the same offenses, and apply equally to those counts against Mr. Salcedo.

**Count 5**

*Fifth*, Ms. Heinel asks the Court to dismiss Count 3 (conspiracy to commit federal programs bribery) for failure to allege any agreement for payments or payments in advance of her conduct and fails to allege a *quid pro quo* (ECF No. 332 at 22-24). This argument corresponds to Count 5, which charges Mr. Salcedo with the same offense. The argument applies equally to all aspects of Count 5 that pertain to Applicant 1.

## III. MOTION TO JOIN DEFENDANT NIKI WILLIAMS' MOTION TO DISMISS AS IT APPLIES TO COUNTS 1, 2, 17 AND 20

Mr. Salcedo moves to join the motion to dismiss filed by defendant Niki Williams (ECF No. 326). Ms. Williams' arguments are applicable to all counts against Mr. Salcedo that involve mail fraud, wire fraud, and honest services fraud. Ms. Williams contends that all charges based on honest services fraud fail to state an offense because the Superseding Indictment does not allege that she breached a fiduciary duty and is unconstitutionally vague as applied (ECF No. 327 at 7-

14). Ms. Williams also argues that these offenses fail because the Superseding Indictment does not sufficiently allege that she agreed to deprive any entity of an actionable property interest (ECF No. 327 at 14-18). These arguments correspond to Counts 1, 2, 17 and 20, which charge Mr. Salcedo with counts that involve mail fraud, wire fraud, and honest services fraud. The arguments apply equally to those counts against Mr. Salcedo.

## IV. ADDITIONAL ARGUMENTS IN SUPPORT OF DISMISSAL OF COUNTS 1, 2, 17 AND 20

Mr. Salcedo moves to dismiss Counts 1, 2, 17, and 20 for two additional reasons that apply strictly to him. *First*, all counts that involve mail fraud and wire fraud against Mr. Salcedo (Counts 1, 2, 17 and 20) fail to allege that Mr. Salcedo engaged in a scheme to defraud UCLA of money because UCLA was not legally authorized to accept any financial consideration in connection with an admissions decision. *Second*, all charges based on honest services fraud (Counts 1, 2, 17 and 20) are legally deficient because they fail to allege that Mr. Salcedo, as a soccer coach, owed a fiduciary duty to UCLA.

### A. All Fraud Charges Against Mr. Salcedo (Counts 1, 2, 17 and 20) Based on Allegations That He Deprived UCLA of Money Must Be Dismissed Because UCLA Is Barred from Accepting Any Financial Consideration in Connection with Admission Decisions

The Superseding Indictment charges Mr. Salcedo with committing mail and wire fraud against the UCLA, which require Mr. Salcedo to have engaged in a scheme to defraud UCLA of "money" or "property." To the extent that those charges are based on allegations that Mr. Salcedo engaged in a scheme to defraud UCLA of "money," they must be dismissed. The Superseding Indictment accuses Mr. Salcedo of receiving two payments of $100,000 transmitted from Key Worldwide Foundation accounts by Rick Singer in connection with the admission of two students to UCLA (ECF No. 272 at ¶¶ 105, 112). However, by allegedly receiving these payments Mr.

Salcedo did not, and could not, legally deprive UCLA of "money."  The University of California Board of Regents ("UC Regents"), the governing body of California public universities, including UCLA,[1] has a longstanding policy prohibiting California public universities from accepting money in connection with student admissions decisions.  UC Regents Policy 2202, titled *Policy Barring Development Considerations from Influencing Admissions Decisions*, was approved in July 1998 and was applicable during all times relevant to the events alleged in the Superseding Indictment (Ex. A) (Regents Policy 2202).  It states:

> [Admissions criteria] include an applicant's academic achievement, special talents, and life experience.  Admissions motivated by concern for financial, political, or other such benefit to the University do not have a place in the admissions process.  If Chancellors elect to admit students outside of the established criteria, the Academic Senate should be consulted.  *Id*.

In short, UCLA was barred from accepting "money" in connection with any admissions decision. As a result, Mr. Salcedo could not have engaged in a scheme to defraud UCLA of "money" because UCLA's governing body, UC Regents, prohibited the University from basing any admissions decision on financial considerations.

### B.   Mr. Salcedo Did Not Owe UCLA a Fiduciary Duty Under California Law

All counts against Mr. Salcedo based on honest services fraud (Counts 1, 2, 17 and 20) must be dismissed because they fail to allege that Mr. Salcedo owed a fiduciary duty to UCLA.  In a concurring opinion in *Skilling v. United States*, 561 U.S. 358, 417 (2010), Justice Scalia "emphasized the lingering ambiguities in § 1346, pointing out that the nature and content of the

---

[1] "The University of California is a ten-campus public system of higher education that is governed by a 26-member Board of Regents, as established in Article IX, section 9 of the California State Constitution. The governing documents of the Board include its Bylaws, Committee Charters, Standing Orders, and Regents Policies which are adopted by the Board and define the parameters for how the Board, in collaboration with President, governs the institution. . . . Regents Policies are broad statements that have been approved by the Board of Regents on particular issues . . ." *Governance*, University of California Board of Regents, https://regents.universityofcalifornia.edu/governance/index.html (last visited Dec. 20, 2019).

fiduciary duty central to the fraud offense remained undefined, and that even the source of the fiduciary obligation—whether it must be positive state or federal law, or merely general principles, such as the obligations of loyalty and fidelity that inhere in the employment relationship—was unclear." *United States v. Halloran*, 821 F.3d 321, 337 (2d Cir. 2016) (internal citation and quotation marks omitted).

In California, fiduciary duties are imposed by law in certain legal relationships such as between partners or joint venturers, husbands and wives, guardians and wards, trustees and beneficiaries, principals and agents, and attorneys and clients. *GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.*, 83 Cal. App. 4th 409, 416, 99 Cal. Rptr. 2d 665, 669 (2000) (internal citations omitted). In addition, corporate officers owe a fiduciary duty to the corporation by virtue of his or her position. *Bancroft–Whitney Co. v. Glen*, 64 Cal.2d 327, 350-51 (1966). In rare situations, a court may determine that an employee owed a fiduciary duty to his or her employer where the employee was entrusted "with control and decision-making power over important and valuable university assets and staff." *Regents of the Univ. of California v. Aisen*, No. 15-CV-1766-BEN (BLM), 2016 WL 4097072, at *5 (S.D. Cal. Apr. 18, 2016).

Here, Mr. Salcedo was the head coach for UCLA men's soccer. There are no allegations that Mr. Salcedo was entrusted with control and decision-making power over important and valuable assets and staff of UCLA. As such, Mr. Salcedo did not owe a fiduciary obligation to UCLA under California law. Moreover, there is no allegation that Richard Singer owed any fiduciary duty. In the absence of any breach of fiduciary duty, the honest services counts must fail.

## CONCLUSION

For these reasons, Mr. Salcedo respectfully requests that the Court dismiss Counts 1, 2, 17, and 20 for failure to state an offense, and allow his motion to join the motions to dismiss the Superseding Indictment filed by defendants Donna Heinel and Niki Williams.

DATE: December 20, 2019

Respectfully Submitted,

**JORGE SALCEDO,**

By his attorneys,

*/s/ Thomas C. Frongillo*
Thomas C. Frongillo (BBO No. 180690)
Christina N. Lindberg (BBO No. 690443)
PIERCE BAINBRIDGE BECK PRICE & HECHT LLP
One Liberty Square, 13th Floor
Boston, MA 02109
Tel: (617) 313-07401
tfrongillo@piercebainbridge.com
clindberg@piercebainbridge.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Thomas C. Frongillo*
Thomas C. Frongillo

# *EXHIBIT A*

 Board of Regents

Search

About

Members and Advisors
Officers
Committees
Regents Emeriti

Upcoming Meetings

Past Meetings
Public Comment

Minutes

Governance

Bylaws
Committee Charters
Standing Orders
Regents Policies

Contact

Home

# Regents Policy 2202: Policy Barring Development Considerations from Influencing Admissions Decisions

*Approved July 17, 1998*

The Board of Regents affirms the statement of the Academic Senate's Board on Admissions and Relations with Schools (BOARS) approved by the Academic Council on January 14, 1998 which provides in part that "admissions motivated by concern for financial, political or other such benefit to the University do not have a place in the admissions process." The full text of the BOARS statement follows:

BOARS reaffirms the established admissions criteria. These criteria include an applicant's academic achievement, special talents, and life experience. Admissions motivated by concern for financial, political, or other such benefit to the University do not have a place in the admissions process. If Chancellors elect to admit students outside of the established criteria, the Academic Senate should be consulted.

The Board of Regents further requires that any Chancellor so electing shall inform the President of the University and the Chairman of the Board.

**Related Resources**

Back to Regents Policies index

**University of California | Office of the President | Academic Senate**

© Regents of the University of California | Terms of use