

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

April 13, 2020

Mr. Thomas Frongillo, Esq.
224 Hinckley Road
Milton, MA 02186

Ms. Susan Winkler, Esq.
Winkler Law LLC
120 Holmes Street
Unit 313
Quincy, MA 02171

      Re:    <u>United States v. Jorge Salcedo</u>
               Criminal No. 19-10081-IT

Dear Mr. Frongillo and Ms. Winkler:

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Jorge Salcedo ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.    <u>Change of Plea</u>

      Defendant will plead guilty to Count One of the Superseding Indictment: racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d). Defendant admits that he committed the crime specified in that count and is in fact guilty of that offense. The U.S. Attorney agrees to dismiss Counts Two, Five and Seventeen following the imposition of sentence at the sentencing hearing.

2. <u>Penalties</u>

Defendant faces the following maximum penalties: incarceration for 20 years; supervised release for three years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Indictment.

Defendant understands that, if he is not a United States citizen, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentencing Guidelines</u>

The U.S. Attorney agrees, based on the following calculation, that Defendant's total "offense level" under the Guidelines is 17:

   a) Defendant's base offense level is 8, because the underlying racketeering activity involved mail fraud and honest services mail fraud (USSG §§ 2E1.1(a)(2) & 2B4.1(a));

   b) Defendant's offense level is increased by 10, because the value of the bribes, and the gain to the Defendant, was more than $150,000 but not more than $250,000 (USSG §§ 2B4.1(b)(1)(B) & 2B1.1(b)(1)(F));

   c) Defendant's offense level is increased by 2, because Defendant abused a position of trust in a manner that significantly facilitated the commission or concealment of the offense (USSG § 3B1.3); and,

   d) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crime (USSG § 3E1.1).

Defendant agrees with the above-calculation, but reserves the right to argue that the enhancement for abuse of position of trust under USSG § 3B1.3 does not apply.

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime(s) to which he is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) incarceration at the low-end of the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3;

   b) a fine or other financial penalty within the Sentencing Guidelines range, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   c) 12 months of supervised release;

   d) a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

   e) restitution in an amount to be determined by the Court at sentencing; and

   f) forfeiture in the amount of a $200,000 money judgment as set forth in Paragraph 7.

5. Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

   a) He will not challenge his conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

   b) He will not challenge any prison sentence of 30 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This

provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 24 months or more.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence</u> (to the extent set forth in subparagraph (b), above)<u>, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

6. <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that the Court can award attorneys' fees and other litigation expenses to defendants in certain criminal cases. In exchange for the concessions the U.S. Attorney is making in this Agreement, Defendant waives any claim under the so-called "Hyde Amendment," 18 U.S.C. §3006A, that is based in whole or in part on the U.S. Attorney's agreement in Paragraph 1 to dismiss Counts 2, 5 and 17.

7. <u>Forfeiture</u>

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited are the following:

    a. $200,000 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that $200,000 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the defendant derived from the offense.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly) as a result of the crimes to which the Defendant is pleading guilty, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases Defendant's claims to $5,179.52 in funds from the account ending in 8419 in the name of Jorge Salcedo and another at City National Bank, seized by the Federal Bureau of Investigation.

Defendant further specifically waives and releases any claims he may have to $194,820.48, which he caused to be wired to the United States Marshals Service on or about May 8, 2019 as a voluntary payment to be applied towards the forfeiture money judgment amount contained in the indictment, in the event of his conviction. This $194,820.48, together with the $5,179.52 in funds seized from the account ending in 8419, shall be credited towards any forfeiture money judgment order entered against the Defendant.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

8. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charge specified in Paragraph 1 of this Agreement.

9. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Eric S. Rosen

Sincerely,

ANDREW E. LELLING
United States Attorney

By: *[signature]*

STEPHEN E. FRANK
Chief, Securities and Financial Fraud Unit
JORDI DE LLANO
Deputy Chief, Securities and Financial Fraud Unit

*[signature: Eric S. Rosen]*

ERIC S. ROSEN
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorneys. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyers and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyers have given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_____
Jorge Salcedo
Defendant

Date: 4/19/20

We certify that Jorge Salcedo has read this Agreement and that we have discussed what it means. We believe Jorge Salcedo understands the Agreement and is entering into it freely, voluntarily, and knowingly. We also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Thomas Frongillo, Esq.
Attorney for Defendant

_____
Susan Winkler, Esq.
Attorney for Defendant

Date: _____

8

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorneys. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyers and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyers have given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

Jorge Salcedo
Defendant

Date: _____

We certify that Jorge Salcedo has read this Agreement and that we have discussed what it means. We believe Jorge Salcedo understands the Agreement and is entering into it freely, voluntarily, and knowingly. We also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Thomas Frongillo, Esq.
Attorney for Defendant

Susan Winkler, Esq.
Attorney for Defendant

Date: 4-19-2020

8