```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS
 2

 3     UNITED STATES OF AMERICA,         )
                                         )
 4              Plaintiff                )
                                         )
 5         -VS-                          ) Criminal No. 19-10081-IT
                                         ) Pages 1 - 10
 6     GORDON ERNST, et al,              )
                                         )
 7              Defendants               )

 8
                      INTERIM STATUS CONFERENCE
 9                      (Courtroom by telephone)

10

11          BEFORE THE HONORABLE M. PAGE KELLEY
               UNITED STATES MAGISTRATE JUDGE
12

13

14

15
                                 United States District Court
16                               1 Courthouse Way, Courtroom 24
                                 Boston, Massachusetts  02210
17                               April 9, 2020, 11:07 a.m.

18

19

20

21              LEE A. MARZILLI
              OFFICIAL COURT REPORTER
22         United States District Court
          1 Courthouse Way, Room 7200
23             Boston, MA  02210
                (617)345-6787
24

25
```

```
 1  A P P E A R A N C E S (By phone):

 2       ERIC S. ROSEN, ESQ., Assistant United States Attorney,
    Office of the United States Attorney, 1 Courthouse Way,
 3  Room 9200, Boston, Massachusetts, 02210, for the Plaintiff.

 4       NINA MARINO, ESQ., Kaplan Marino, P.C.,
    9454 Wilshire Boulevard, Suite 902, Beverly Hills, California,
 5  90212, for the Defendant Donna Heinel.

 6       SHAUN G. CLARKE, ESQ., Smyser Kaplan & Veselka LLP,
    717 Texas Avenue, Suite 2800, Houston, Texas, 77002, appearing
 7  for the Defendant William Ferguson.

 8  ALSO PRESENT:  Various government and defense counsel.

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

|   |   |
|---|---|
| 1 | P R O C E E D I N G S |
| 2 | THE CLERK: So today is Thursday, April 9, 2020, and |
| 3 | we're on the record in Criminal Case No. 19-10081, the United |
| 4 | States v. Gordon Ernst, et al, the Honorable M. Page Kelley |
| 5 | presiding. |
| 6 | THE COURT: Okay, so good morning, everyone. And I'll |
| 7 | just ask Ms. Belmont, we have counsel on the phone for each of |
| 8 | the defendants? |
| 9 | THE CLERK: Yes, we do. |
| 10 | THE COURT: Okay, great. Okay, so I'm just going to |
| 11 | talk for a minute, and then I'll hear from whoever wants to |
| 12 | speak. Thank you for the Joint Interim Status Report, which is |
| 13 | Document 434 on the docket; and what I'm gleaning from that is |
| 14 | that these defendants, many of whom are represented by small |
| 15 | law firms or even single practitioners, are kind of struggling |
| 16 | with going through the discovery. And so what I would propose |
| 17 | we do is just simply give everyone some additional time, both |
| 18 | the government to see if they are able to provide defendants |
| 19 | with indices or any other assistance they might be able to, and |
| 20 | for the government to let the defendants know what else is |
| 21 | coming, and then for defendants to go ahead and start working |
| 22 | through what you have and figuring out how much time you might |
| 23 | need to file motions or try to negotiate with the government |
| 24 | about what they need to turn over. |
| 25 | I will say that per Judge Gorton's order in the *Sidoo* |

1  case, the discovery in that case he really wants to fast track,
2  and I think the parties in that case will be occupied for the
3  next month or so in trying to wrap up the discovery practice
4  there.  So since we have one government team on both of these
5  cases, I don't think I'm going to set any deadlines at this
6  conference, but I do think I will set a status conference
7  sooner than the parties are requesting.  I had thought I might
8  set a conference of July 8, just a further interim status to
9  try to get a read on where we are in this case because it may
10 be, as the discovery rolls out in the other case and motions
11 are decided in the other case, some of the issues in this case
12 get resolved that way.  Maybe not, but hope springs eternal.
13         So, anyway, I'm happy to hear from anyone on this, and
14 I'll just open this up.  And I know people are going to be
15 interrupting each other, but we'll just deal with it as best we
16 can.
17         MR. ROSEN:  Good morning, Judge.  This is Eric Rosen
18 for the government.
19         THE COURT:  Good morning.
20         MR. ROSEN:  Yeah, we're -- you know, when we provide
21 discovery in the *Sidoo* case, we provide essentially the same
22 discovery or very similar in this case as well, in the RICO
23 case that's 10081.
24         You know, I understand the issues of sort of going
25 through the discovery, and it certainly is voluminous, but, I

1    mean, I think what we're trying to do, what we have tried to do
2    is, especially with these defendants, you know, obviously
3    narrow down, you know, the documents significantly.  There's
4    obviously a lot that's being produced that's not applicable to
5    them.  And, you know, we've turned over 302 reports; we've
6    turned over a lot of different things.
7            So I guess from our side -- you know, obviously you
8    referenced something, you know, in the next month of getting
9    all the discovery out for the *Sidoo* case, so perhaps before the
10   next status conference, you know, we don't mind -- you know,
11   it's really hard, you know, very far out from trial to set out
12   exactly what documents we will be using or things like that,
13   but I'm certainly -- I think we all are -- happy to sit down
14   with, you know, each of the defendants over the phone and just
15   give them a general overview of sort of, you know, what FBI 302
16   reports or witness reports will be applicable to them, and, you
17   know, what documents that we haven't provided to them
18   previously in the reverse proffers, where we think we're going
19   and how do we see that as applicable to their case?
20           It gets a little tricky with the Defendant Heinel, who
21   is sort of at the center of, you know, alleged to be at the
22   center of a lot this, you know, the activity that obviously is
23   relevant to both the *Sidoo* and the RICO case.  So, you know, to
24   the extent we can provide lists of relevant students and
25   documents relevant to them, we're certainly going to do that.

1         THE COURT:  Okay, thank you very much.  And I did
2    study the report, so I feel that I understand there are quite a
3    few disputes about whether the government has properly
4    organized the discovery and so on, but I'm happy to hear any
5    defense counsel on any subject.
6         MS. MARINO:  Your Honor, this is Nina Marino for
7    Dr. Heinel.  I think what the Court is proposing makes perfect
8    sense and is very sound, especially given the rollout of the
9    *Sidoo* case.  I would ask the Court if the Court would consider
10   a July 9 status conference date as opposed to a July 8 status
11   conference date.
12        THE COURT:  Oh, yes, of course.  How is July -- is
13   there anyone for whom July 9 -- well, I guess I have a
14   mediation on the 9th.  How about Friday, the 10th?  Is there
15   anyone who --
16        MS. MARINO:  That actually works for me, your Honor.
17   I apologize.  Thank you.
18        THE COURT:  How about if we just move to the 15th of
19   July?
20        (Unidentified overlapping speakers.)
21        THE COURT:  Is there anyone who cannot do the 15th?
22   Let's do the 15th.  And I know with the COVID crisis, people
23   don't know exactly what they're going to be doing in the
24   summer.  It would be a phone-in.  No one needs to appear in
25   person, or maybe we'll even try to do a Zoom-in, but you can

1   always have someone stand in for you too.  And what I think
2   we'll be doing on the 15th, on July 15, and why don't we just
3   say at 2:00 o'clock --
4           MR. ROSEN:  Can it be a little bit later, just because
5   we have the sentencing of David *Sidoo* that afternoon.  It's
6   at -- I have to pull my calendar -- it's at 1:00 p.m.  I don't
7   think it's going to go very long, but if we could do it at 2:30
8   or 3:00.
9           THE COURT:  Why don't we say 3:00 o'clock on July 15.
10  And what we will do, if the parties are able to file a joint
11  status report before that date, is just to generally outline --
12  it doesn't have to be in great detail -- what the remaining
13  discovery disputes are; and if the government has additional
14  discovery to provide after that date, you could list it perhaps
15  and indicate when you think you want to hand it over.  And then
16  we can just figure out how much time do the parties need to
17  complete discovery, the production of discovery, and then to
18  file the motion.  And I'm anticipating that will go into August
19  or early September, so --
20          MR. CLARKE:  Your Honor, this is Shaun Clarke for Bill
21  Ferguson, and I just wanted to follow up on one thing.  And I
22  do appreciate, I know as Eric said, they highlighted for us
23  documents pertinent to Bill.  But given that we're all charged
24  in a RICO conspiracy, we really kind of have to evaluate the
25  bigger picture too.  And I know the government has indicated a

1  comprehensive index will be forthcoming, and I would say the
2  sooner we get that, the further we'll probably be along by
3  July 15.
4          THE COURT:  Okay.  I think what I'm going to do is ask
5  the government to work on that and see what you're able to do,
6  and maybe on July 15 we can address that, if that is still an
7  outstanding issue.
8          You know, just to give you some rough idea, I have
9  spoken with Judge Talwani, and it's her view at this time -- I
10 mean, she can't really be locked into this obviously -- but
11 that if the *Sidoo* case is going to have two trials and one
12 would be in September -- and I think the other would be in
13 November for the second trial, Mr. Rosen?
14         MR. ROSEN:  It's October, October 5, and then there's
15 a January trial.
16         THE COURT:  Okay, so I think her view at this time --
17 and, again, this is not set in stone -- is that this trial
18 would need to be after that, so after the January, the second
19 *Sidoo* trial.  So while that isn't set in stone, it should give
20 you some reassurance that you have a longer timeline, obviously,
21 than the *Sidoo* case.  So if that turns out to be right, I think
22 we can spend the status date in July and then the next status
23 date just seeing how much progress can everyone make on the
24 government getting indices to people and people feeling like
25 they can wrap their minds around the discovery.

1           And, Mr. Clarke, I know exactly what you're talking
2  about with regard to the RICO counts, and you do need to kind
3  of receive and digest all the discovery.  But I would encourage
4  the defendants to at least consider working together on this
5  effort because otherwise it's just going to be really
6  monumental, and you're going to be duplicating a lot of your
7  efforts.  So, you know, obviously it's up to you who to work
8  with, but I know the Federal Defenders routinely handle big
9  document cases, and they know what they're doing.  And I don't
10 know, I can't tell off the top of my head, but if there's
11 anyone going to trial with an appointed counsel, the CJA has
12 some funds for people to try to organize discovery.  So,
13 anyway, I would just encourage you not to totally rely on the
14 government for those efforts.
15           MR. CLARKE:  Point well taken, your Honor.  Thank you.
16           THE COURT:  So I think I will definitely exclude the
17 time till July 15, and I don't know -- who else would like to
18 bring up something?
19           MR. ROSEN:  Judge, I'm sorry.  This is Eric Rosen
20 again.  A colleague is reminding me that the sentencing
21 actually of David Sidoo -- it was improperly put into my
22 calendar -- it is at 3:00 o'clock.  Would it be possible to
23 move the status conference back to 2:00 o'clock?
24           THE COURT:  Sure.
25           MR. ROSEN:  Sorry about that.

```
 1              THE COURT:  No problem.  Would it be better to do it
 2  maybe at 1:00 o'clock?  Is that giving you a little more
 3  breathing room?
 4              MR. ROSEN:  Yeah, I mean, that's fine for us.  I don't
 5  know that the -- I assume the sentencing will continue, but
 6  obviously it depends on where we are with COVID.
 7              THE COURT:  Okay, so why don't we say July 15 at 1:00
 8  o'clock.  How's that?  Does anyone have a problem with that?
 9  Okay.  And I'll exclude the time to July 15, and then we'll
10  just see everyone then and check in about how everything is
11  progressing.
12              MR. CLARKE:  Thank you, Judge.
13              THE COURT:  Okay.  All right, thank you, everybody.
14              (Adjourned, 11:21 a.m.)
15
16
17
18
19
20
21
22
23
24
25
```

1                          C E R T I F I C A T E

2

3
    UNITED STATES DISTRICT COURT  )
4   DISTRICT OF MASSACHUSETTS     ) ss.
    CITY OF BOSTON                )
5

6

7          I, Lee A. Marzilli, Official Federal Court Reporter,

8   do hereby certify that the foregoing transcript, Pages 1

9   through 10 inclusive, was recorded by me stenographically at

10  the time and place aforesaid in Criminal No. 19-10081-IT,

11  United States of America v. Gordon Ernst, et al, and thereafter

12  by me reduced to typewriting and is a true and accurate record

13  of the proceedings.

14         Dated this 21st day of April, 2020.

15

16

17

18

19
              /s/ Lee A. Marzilli
20            _____
              LEE A. MARZILLI, CRR
21            OFFICIAL COURT REPORTER

22

23

24

25